UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CARMEN PEREZ CAMPOS,<br><br>Petitioner,<br><br>v.<br><br>JEREMY CASEY, et al.,<br><br>Respondents. | Case No.:  3:26-cv-1818-CAB-AHG<br><br>**ORDER:**<br>**(1) GRANTING PETITION FOR A WRIT OF HABEAS CORPUS; and**<br><br>**(2) DENYING AS MOOT MOTIONS FOR TEMPORARY RESTRAINING ORDER [Doc. Nos. 2, 5].** |

Petitioner Jose Carmen Perez Campos filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 4 ("Petition").]  Petitioner argues that his detention violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act.  [Petition at 25–32.]  For the following reasons, the Court **GRANTS** the Petition and **ORDERS** Respondents to immediately release Petitioner.

**I.    BACKGROUND**

Petitioner is a Mexican citizen and national who last entered the United States from Mexico without inspection on or about October 10, 2004.  [*Id.* at 4.]  On July 1, 2024, Petitioner was stopped by Florida Highway Patrol ("FHP") for a traffic-related issue, FHP notified Immigration and Customs Enforcement ("ICE") of Petitioner's immigration status,

and ICE detained Petitioner. [*Id.*] ICE issued Petitioner a notice to appear for removal proceedings and released him on his own recognizance. [*Id.* at 5.] Then, during a routine ICE check-in appointment on July 28, 2025, ICE re-detained Petitioner. [*Id.*] On November 24, 2025, an immigration judge ordered Petitioner removed to Mexico. [*Id.* at 6.] Petitioner's appeal of that decision to the Board of Immigration Appeals remains pending. [*Id.*]

## II. LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III. DISCUSSION

Petitioner argues that his detention without notice on July 28, 2025 violates the Due Process Clause of the Fifth Amendment. [Petition at 27.] Respondents do not address this claim. Instead, they argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). [Doc. No. 8 at 2.]

The Due Process Clause of the Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). This protection applies to noncitizens as it does to U.S. citizens. *See Wong Wing v. United States*, 163 U.S. 228, 238 (1896) ("[E]ven aliens shall not . . . be deprived of life, liberty, or property without due process of law.").

"Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody[.]" *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025)

3:26-cv-1818-CAB-AHG

(listing cases).  Indeed, "the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (cleaned up) (internal quotation marks omitted) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

In *Noori v. LaRose*, 807 F. Supp. 3d 1146 (S.D. Cal. 2025), the government violated a noncitizen parolee's Fifth Amendment due process rights when the government revoked his parole by sending a mass electronic notification one morning and arresting him later that day at his immigration hearing. *Id.* at 1155, 1167.  The *Noori* court thus held that he had a "protectable expectation of his due process rights in his removal proceedings . . . and was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination." *Id.* at 1165.

Here, Petitioner received even less due process than the *Noori* petitioner.  Petitioner received no notification or individualized reason as to why he was being re-detained at a routine ICE check-in appointment.  Nor have Respondents explained, even after the fact, what circumstances have changed to warrant Petitioner's re-detention.

**IV.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the petition for a writ of habeas corpus and **ORDERS** Respondents to release Jose Carmen Perez Campos under the same conditions which existed immediately prior to his re-detention on July 28, 2025.

The Court **DENIES AS MOOT** Petitioner's motions for a temporary restraining order.  [Doc. Nos. 2, 5.]

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: April 3, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:26-cv-1818-CAB-AHG